IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TIFFANY PUGH | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.   16-cv-1881 |
| vs. | ) |
| | ) |
| FANG JUNQING and | ) |
| YING LAN TRUCKING EXPRESS, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants, Fang Junqing and Ying Lan d/b/a Trucking Express, incorrectly named as Ying Lan Trucking Express, by and through their attorneys, DeFranco & Bradley, P.C., remove this case to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1446 upon the following grounds:

## VENUE

1. There is now commenced and pending in the Circuit Court of St. Louis County, Missouri, a certain civil action designated as No. 16SL-CC03914, in which Tiffany Pugh is plaintiff and Fang Junqing and Ying Lan Trucking Express are defendants.

2. Venue lies in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1446(a) because the original action was filed in St. Louis County, Missouri which is within the Eastern District of Missouri.

## DIVERSITY OF CITIZENSHIP

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Diversity of citizenship exists between plaintiff and Fang Junqing and Ying Lan d/b/a Trucking Express as required by 28 U.S.C. § 1332(a).

5. Plaintiff Tiffany Pugh is now and was at the commencement of this action a citizen of the State of Missouri.

6. Defendant Ying Lan d/b/a Trucking Express is now and was at the commencement of this action a sole proprietorship. Its sole owner, Ying Lan, is now and was at the commencement of this action, a citizen of the State of California, and Fang Junqing is now and was at the commencement of this action a citizen of the State of California.

## AMOUNT IN CONTROVERSY

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8. Plaintiff prayed for compensatory damages in excess of $25,000, plus costs, for each of her claims as well as punitive damages. (*See* Petition). Plaintiff alleged that defendants' alleged negligence caused plaintiff to suffer "permanent and disabling injuries, including to her spinal disc, necessitating surgery." (Petition, ¶ 1). Plaintiff alleged that the truck operated by Defendant Junqing rear-ended Plaintiff at high speed, smashing in the rear of her sedan. (Petition, ¶ 1). Plaintiff further alleged that she "suffered severe injuries and damages," "has suffered great pain of the mind and body and will continue to suffer great pain of mind and body permanently," and "has suffered significant disability and scarring and will suffer significant disability and scarring permanently." (Petition, ¶¶ 8, 13, 18).

9. The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a

figure exceeding $75,000. *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006). In *Fields*, the court held that:

> The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill.1960). Correspondingly, courts should not encourage parties to "hold [ ] back" their "federal cards." *Wilson*, 668 F.2d at 966. "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at *5 (N.D. Ill. Aug. 27, 1990). When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ... [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely." *Id.*

*Fields*, 2006 WL 1875457 at 3; see also *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex.2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all.").

10. In this case, "it is obvious from the face of the complaint," including the allegations of severe and permanent damages and the additional prayer for punitive damages, that the amount in controversy exceeds the $75,000 jurisdictional limit.

## TIMELINESS

11. Plaintiffs filed the Petition on October 20, 2016 and served defendants Fang Junqing and Ying Lan d/b/a Trucking Express with the Petition and Summons on November 1, 2016.

12.     This notice of removal was filed within thirty days after receipt by defendants of the initial pleading pursuant to 28 U.S.C. § 1446(b).

## NOTICE REQUIREMENTS

13.     Written notice of the filing of this removal was given to plaintiffs pursuant to 28 U.S.C. § 1446(d).

14.     A copy of this notice of removal was filed with the Circuit Court, St. Louis County, Missouri as required by 28 U.S.C. §1446(d).

15.     A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendants, Fang Junqing and Ying Lan d/b/a Trucking Express, remove this case to the United States District Court for the Eastern District of Missouri and hereby request that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANTS DEMAND TRIAL BY JURY.**

DeFRANCO & BRADLEY, P.C.

By /s/James E. DeFranco
James E. DeFranco, #32830
Darrell J. Flesner, #61537
141 Market Place, Suite 104
Fairview Heights, IL 62208
(618) 628-2000
(618) 628-2007 Fax
ATTORNEYS FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TIFFANY PUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 16-cv-1881 |
| vs. | ) |
| | ) |
| FANG JUNQING and | ) |
| YING LAN TRUCKING EXPRESS, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

STATE OF MISSOURI   )
                    ) SS
COUNTY OF ST. LOUIS )

James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendants herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendants.

_____
JAMES E. DEFRANCO

SUBSCRIBED AND SWORN TO before me this ___30th___ day of __November__, 2016.

_____
NOTARY PUBLIC

Official Seal
Connie S Slaton
Notary Public State of Illinois
My Commission Expires 07/15/2018

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TIFFANY PUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 16-cv-1881 |
| vs. | ) |
| | ) |
| FANG JUNQING and | ) |
| YING LAN TRUCKING EXPRESS, | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendants in the above-entitled cause; that on the 30th day of November, 2016, he sent by United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 30th day of November, 2016, a copy of the Notice for Removal filed herein was also sent, in a secure envelope, by United States mail, properly addressed, with the requisite amount of United States postage thereon, for filing to: Clerk of the St. Louis County Circuit Court, Clayton, Missouri.

_____
JAMES E. DEFRANCO

SUBSCRIBED AND SWORN TO before me this 30th day of November, 2016.

_____
NOTARY PUBLIC

> Official Seal
> Connie S Slaton
> Notary Public State of Illinois
> My Commission Expires 07/15/2018