

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: | Case Number: 16SL-CC03914 |
|---|---|
| TOM W DE PRIEST JR | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address: |
| TIFFANY PUGH | PATRICK KENNEDY BADER |
| | 211 NORTH BROADWAY, SUITE 1600 |
| vs. | ST. LOUIS, MO 63102 |
| Defendant/Respondent: | Court Address: |
| FANG JUNQING | ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit: | 105 SOUTH CENTRAL AVENUE |
| CC Pers Injury-Vehicular | CLAYTON, MO 63105 |

(Date File Stamp)

### Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: YING LAN TRUCKING EXPRESS
Alias:
43 SILVERWOOD LANE
POMONA, CA 91766-4864

COURT SEAL OF

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

ST. LOUIS COUNTY

24-OCT-2016
Date
_____ Clerk
Further Information:
AMH

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                              _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)

I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
(Seal)              ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                    ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees, if applicable**
Summons        $ _____
Non Est        $ _____
Mileage        $ _____ ( _____ miles @ $ _____ per mile)
Total          $ _____

See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 For Court Use Only Document ID# 16-SMOS-859    1    (16SL-CC03911-1)    Rules 54.06, 54.07, 54.14, 54.20, 506.510, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 For Court Use Only Document ID# 16-SMOS-859      4      (16SL-CC03914)          Rules 54.06, 54.07, 54.14, 54.20, 506.500, 506.510 RSMo

**16SL-CC03914**

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| TIFFANY PUGH, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Cause No.: |
| vs. | ) Div. No: |
|  | ) **JURY TRIAL DEMANDED** |
| FANG JUNQING, | ) |
| **Serve at:** | ) |
| 43 Silverwood Lane | ) |
| Pomona, CA 91766-4864 | ) |
|  | ) |
| and | ) |
|  | ) |
| YING LAN TRUCKING EXPRESS, | ) |
| **Serve at:** | ) |
| 43 Silverwood Lane | ) |
| Pomona, CA 91766-4864 | ) |
|  | ) |
| Defendants. | ) |

### PETITION

Plaintiff Tiffany Pugh, through counsel, states as follows for her Petition against Defendants Fang Junqing (Fang) and Ying Lan Trucking Express:

1. On November 12, 2015, Plaintiff Pugh suffered permanent and disabling injuries, including to her spinal disc, necessitating surgery, when a Ying Lan Trucking Express tractor trailer, operated on Interstate 44 by Defendant Fang in a construction work zone, rear-ended Plaintiff at high speed, smashing in the rear of her sedan.

2. At all times material hereto, Interstate 44 at the location of the subject wreck has been an open and public street, highway and thoroughfare in St. Louis County, Missouri.

3. Plaintiff Pugh is a resident of St. Louis City, Missouri.

1

4. Defendant Ying Lan Trucking Express has been a foreign corporation conducting business within, and pursuant to the laws of, the State of Missouri.

5. Defendant Fang has been an individual conducting business within, and pursuant to the laws of, the State of Missouri.

## COUNT I
## NEGLIGENCE OF FANG

6. Plaintiff repeats and incorporates by reference paragraphs 1 through 5 of this Petition as though fully set out herein.

7. On November 12, 2015, at the time of the aforementioned wreck, Defendant Fang was negligent in one or more of the following respects:

   a) Defendant Fang drove at an improper speed for conditions;

   b) Defendant Fang followed too close for conditions;

   c) Defendant Fang failed to keep his vehicle under such control that it could have been stopped, slowed or swerved upon the first appearance of danger;

   d) Defendant Fang failed to maintain a proper lookout;

   e) Defendant Fang was negligent *per se* in violating Missouri's construction zone regulations at Section 304.580 R.S.Mo. *et seq.*;

   f) Defendant Fang was negligent *per se* by failing to operate his vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and with the highest degree of care, in violation of Section 304.012 R.S. Mo; and,

   g) Defendant Fang was negligent *per se* in violating the provisions of the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 390, *et seq.*

8. As a direct result of the negligence of Defendant Fang, Plaintiff suffered severe injuries and damages to her head, neck, spine, chest, shoulders, and back; she has suffered great pain of the mind and body and will continue to suffer great pain of mind and body permanently;

she has sought and received medical care and attention, and will continue to receive medical care and attention in the future; she has lost wages, benefits, and earning capacity, and will continue to lose wages, benefits, and earning capacity, in the future; she has incurred medical expenses and will continue to incur medical expenses in the future; she has suffered significant disability and scarring and will suffer significant disability and scarring permanently; all to her damage.

9. Defendant Fang's conduct in one or more of the aforementioned respects, including violations in a construction safety zone, showed complete indifference to, or conscious disregard for, the safety of others warranting exemplary and punitive damages.

ACCORDINGLY, Plaintiff Pugh requests that a judgment be entered against Defendant Fang in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs.

## COUNT II
## NEGLIGENCE OF YING LAN TRUCKING EXPRESS

10. Plaintiff repeats and incorporates by reference paragraphs 1 through 9 of this Petition as though fully set out herein.

11. At all times mentioned hereto, Defendant Ying Lan Trucking Express maintained control over the work performed by Defendant Fang as its agent, employee and servant, and had a special relationship with Defendant Fang.

12. On November 12, 2015, at the time of the aforementioned wreck, Defendant Ying Lan Trucking Express was negligent in one or more of the following respects:

    a) Defendant failed to adequately train Fang in the safe operation of its vehicle;

    b) Defendant failed to adequately supervise Fang in the safe operation of its vehicle;

    c) Defendant negligently hired and retained Fang;

d) Defendant negligently entrusted Fang with the operation of its vehicle;

e) Defendant failed to maintain and repair its vehicle to ensure safe operating condition; and,

f) Defendant failed to equip its vehicle with proper safety features to prevent wrecks, including adequate warnings and sensors.

13. As a direct result of the negligence of Defendant Ying Lan Trucking Express, Plaintiff suffered severe injuries and damages to her head, neck, spine, chest, shoulders, and back; she has suffered great pain of the mind and body and will continue to suffer great pain of mind and body permanently; she has sought and received medical care and attention, and will continue to receive medical care and attention in the future; she has lost wages, benefits, and earning capacity, and will continue to lose wages, benefits, and earning capacity, in the future; she has incurred medical expenses and will continue to incur medical expenses in the future; she has suffered significant disability and scarring and will suffer significant disability and scarring permanently; all to her damage.

14. Defendant Ying Lan Trucking Express' conduct in one or more of the aforementioned respects, including, specifically, its failure to provide Fang with adequate training on vehicle operation, its failure to properly investigate Fang's credentials before hiring, its failure to discharge or further investigate Fang upon discovery of his dangerous propensity, and its failure to provide and repair safe operating equipment, showed complete indifference to, or conscious disregard for, the safety of others warranting exemplary and punitive damages.

ACCORDINGLY, Plaintiff Pugh requests that a judgment be entered against Defendant Ying Lan Trucking Express, in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs.

## COUNT III
## VICARIOUS LIABILITY OF YING LAN TRUCKING EXPRESS

15. Plaintiff repeats and incorporates by reference paragraphs 1 through 14 of this Petition as though fully set out herein.

16. At all times mentioned herein, Defendant Ying Lan Trucking Express maintained control over the work performed by Defendant Fang as its employee, agent and servant.

17. Defendant Fang's aforementioned negligent conduct was in the course and scope of his employment and agency for Defendant Ying Lan Trucking Express and was incidental thereto; his conduct was in furtherance of Defendant Ying Lan Trucking Express' business; and, his conduct was foreseeable to Defendant Ying Lan Trucking Express; all warranting vicarious liability of Defendant Ying Lan Trucking Express for Defendant Fang's negligence.

18. As a direct result of the aforementioned negligence of Defendant Fang, for which Defendant Ying Lan Trucking Express is vicariously liable, Plaintiff suffered severe injuries and damages to her head, neck, spine, chest, shoulders, and back; she has suffered great pain of the mind and body and will continue to suffer great pain of mind and body permanently; she has sought and received medical care and attention, and will continue to receive medical care and attention in the future; she has lost wages, benefits, and earning capacity, and will continue to lose wages, benefits, and earning capacity, in the future; she has incurred medical expenses and will continue to incur medical expenses in the future; she has suffered significant disability and scarring and will suffer significant disability and scarring permanently; all to her damage.

ACCORDINGLY, Plaintiff Pugh requests that a judgment be entered against Defendant Ying Lan Trucking Express Janitorial Services, Inc., in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs.

BROWN & CROUPPEN, P.C.

/s/ Patrick K. Bader
Patrick Kennedy Bader # 62304
One Metropolitan Square
211 North Broadway, Suite 1600
St. Louis, MO 63102
(314) 421-0216
(314) 421-0359 (Fax)
patrickb@getbc.com

Counsel for Plaintiff

6