UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIFFANY PUGH, | ) |
| Plaintiff, | ) No. 4:16-CV-1881 RLW |
| v. | ) |
| FANG JUNQING and YING LAN TRUCKING EXPRESS, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendants Junqing and Ying Lan Trucking Express's Motion to Dismiss (ECF No. 5). This matter is fully briefed and ready for disposition.

## BACKGROUND

On November 12, 2015, a Ying Lan Trucking Express ("Trucking Express") tractor trailer, operated by Fang Junqing ("Junqing"), rear-ended Plaintiff Tiffany Pugh ("Pugh") on Interstate 44. (Petition, ECF No. 3, ¶1). Pugh claims that Junqing was negligent by driving at an improper speed, following too close, failing to keep his vehicle under proper control, and failing to maintain a proper lookout. (Petition, ¶7). Pugh further alleges that Trucking Express was negligent in failing to adequately train and supervise Junqing, in maintaining and repairing its vehicle, and equipping the vehicle with proper safety features. (Petition, ¶12). As a result, Pugh claims she was injured. (Petition, ¶¶8, 13, 18). Pugh filed a Petition in St. Louis County Circuit Court, alleging claims for Negligence of Junqing (Count I), Negligence of Ying Lan Trucking Express (Count II), and Vicarious Liability of Ying Lan Trucking Express (Count III).

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S 544, 570 (2007). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).

### II. Discussion

#### A. Count I

Defendants claim that Count I is defective because it improperly combines a claim of simple negligence and claims of negligence per se against Junqing in violation of Federal Rule of Civil Procedure 10(b). (ECF No. 5, ¶9 (citing Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense."). Defendants assert that Count I is devoid of any facts upon which Pugh bases her negligence per se claims and "thus improperly combines such claims with the simple negligence claims." (ECF No. 5, ¶11). Defendants note that Pugh fails to allege which specific construction zone regulations and Federal Motor Carrier Safety Regulations Junqing violated. (ECF No. 5, ¶11).

Defendants further assert that Count I is defective because it is devoid of facts to support a negligence per se claim. (ECF No. 5, ¶12). Defendants claim that Pugh has not alleged that

she was within a class of people intended to be protected by the cited statutes and regulations or that Pugh's injury was of the nature and that the statutes were designed to protect. (ECF No. 5, ¶13).

In response, Pugh states that her pleading properly combines different theories of recovery in a single count because they are based on the same facts. (ECF No. 7 at 2). Pugh asserts that her negligent per se claim alleges a violation of specific, applicable statutory rules of conduct and that Junqing's driving was "undoubtedly" negligently violated statutory rules of the road. (ECF No. No. 7 at 2). Pugh states that Petition provides "fair notice" as to what is being claimed. (ECF No. 7 at 2-3).

Under Missouri law, "[a] claimant may proceed on a negligence per se claim 'if the following four elements are met: (1) There was, in fact, a violation of the statute; (2) The injured plaintiff was a member of the class of persons intended to be protected by the statute; (3) The injury complained of was of the kind the statute was designed to prevent; and (4) The violation of the statute was the proximate cause of the injury.'" *Sill v. Burlington N. R.R.*, 87 S.W.3d 386, 392 (Mo. Ct. App. 2002) (quoting *King v. Morgan*, 873 S.W.2d 272, 275 (Mo. Ct. App. 1994)). Similarly, under Missouri law, "[t]he elements of negligence are: 1) the existence of a duty; 2) breach of that duty; 3) injury proximately caused by breach of that duty; and 4) actual damages." *In re Complaint of Jessup for Exoneration from, or Limitation of, Liab.*, 196 F. Supp. 2d 914, 918 (E.D. Mo. 2002) (citing *Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc./Special Products, Inc.*, 700 S.W.2d 426, 431 (Mo.1985)).

Although Pugh's pleadings could have been clearer as to her allegations, the Court holds that she has sufficiently alleged claims for negligence per se and for negligence against Junqing. The mere fact that Pugh seems to have included both claims in one count does not "require

dismissal." *Mattingly v. Medtronic, Inc.*, 466 F. Supp. 2d 1170, 1173 (E.D. Mo. 2006). With respect to the negligence per se claim, Pugh has identified several statutes that she claims Junqing violated, which resulted in her injury. *See* Petition, ECF No. 3, ¶7(e), (f), (g). With respect to the negligence claim, Pugh has alleged several deficiencies in Junqing's driving which resulted in her injury, including driving too close and at an improper speed. *See* Petition, ¶7(a), (b), (c), (d). The Court denies the motion to dismiss Count I of the Petition because the Court holds that Pugh properly states a claim for negligence and negligence per se against Junqing.

### B. Count II

In Count II, Pugh attempts to allege a negligence claim against Trucking Express. Plaintiff generally alleges that Trucking Express was negligent in failing to adequately train and supervise Junqing, failing to maintain and repair its vehicle, and failing to equip the vehicle with proper safety features "including adequate warnings and sensors." (ECF No. 5, ¶14 (citing Petition, ¶12). Pugh also alleged that Trucking Express negligently hired and retained Defendant Junqing and negligently entrusted him with the operation of its vehicle. (ECF No. 5, ¶14).

Defendants assert that Pugh fails to state a claim for negligence against Trucking Express because Pugh did not allege facts to establish that Trucking Express owed a duty to Pugh or that Trucking Express's breach of that duty was a proximate cause of Pugh's injury. (ECF No. 5, ¶16). Defendants also maintain that Pugh's Petition contains no facts regarding the nature of the relationship between Trucking Express and Junqing. (ECF No. 5, ¶17). Likewise, Defendants state that Count II is devoid of any facts to support her claims negligent entrustment and negligent hiring and retention. (ECF No. 5, ¶¶18-20). Defendants aver that Pugh failed to allege any facts to establish that Defendant Junqing was incompetent or that Trucking Express knew or had reason to know of such alleged incompetence. In addition, Defendants maintain that Pugh

has failed to allege that Junqing had "dangerous proclivities" or that Trucking Express was aware of such "dangerous proclivities." Defendants assert that Pugh's allegation that Trucking Express failed "to discharge or further investigate [Junqing] upon discovery of his dangerous propensity" is a mere legal conclusion, which is not supported by facts.

In response, Pugh cites to the "applicable simplified-notice-pleading standard." (ECF No. 7 at 3). Pugh claims that her pleading is "full of facts supporting the claims of direct negligence, including that Defendant Trucking Express: was negligent in hiring and retaining Junqing; negligently trained and entrusted Junqing; and, failed to provide a safe vehicle." (ECF No. 7 at 3). Pugh maintains that these allegations provide "fair notice" of the negligence claim made.

Initially, the Supreme Court has noted that it does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. At this early stage of the litigation, the Court holds that Pugh has sufficiently alleged facts to support a negligence claim against Trucking Express. Pugh alleges that Trucking Express failed to adequately train Junqing and that Trucking Express did not properly maintain and repair its vehicle, among other deficiencies. Pugh also alleged that these negligent acts were the cause of her injuries. The Court holds that these allegations sufficiently allege a cause of action for negligence against Trucking Express.

**C. Count III**

In Count III, Pugh alleges a claim for respondeat superior against Trucking Express. Pugh alleges that Trucking Express maintained control over Junqing's work and that Junqing's negligence was in the course and scope of his employment, in furtherance of Trucking Express's business, and foreseeable to Trucking Express. (Petition, Count III, ¶¶16, 17). ""Under the

doctrine of respondeat superior an employer is liable for those negligent acts or omissions of his employee which are committed within the scope of his employment.'" *Studebaker v. Nettie's Fackrell v. Marshall*, 490 F.3d 997, 1000 (8th Cir. 2007) (quoting *Flower Garden, Inc.*, 842 S.W.2d 227, 229 (Mo. Ct. App. 1992)). "[I]t is hornbook law that liability under respondeat superior theory is vicarious, and not direct, liability." *Knowles v. United States*, 91 F.3d 1147, 1153 (8th Cir. 1996).

Defendants seek dismissal of Count III because Pugh alleged no facts regarding the nature of the relationship between Trucking Express and Junqing. (ECF No. 5, ¶23). Defendants aver that the Petition contains the bald conclusion that Trucking Express maintained control over the work of Junqing as its agent, employee, and servant, and Trucking Express had a "special relationship" with Junqing. (Petition, Count II, ¶11). Defendants claim that this allegation amounts to mere conclusions and is insufficient to state a claim for respondeat superior. (ECF No. 5, ¶23).

Pugh, however, argues that she has alleged that Junqing's negligence was "in the course and scope of his agency for Trucking Express and was incidental thereto...." (ECF No. 7 (citing ECF No. 3 at 5)). Pugh claims she has alleged the requisite "control" for a finding of vicarious liability. (ECF No. 7 at 3).

The Court holds that Pugh has alleged a relationship sufficient for vicarious liability. Pugh has alleged that Junqing was acting in the course and scope of his employment. The Court holds such an allegation is sufficient for a vicarious liability claim.

### D. Punitive Damages Claims in Counts I & II

In her Petition, Pugh alleged that Defendants' conduct showed complete indifference to or conscious disregard for the safety of others. (Petition, Count I, ¶9; Petition, Count II, ¶14).

Defendants allege that Pugh's conclusion that Defendants' conduct showed complete indifferent to or conscious disregard for the safety of others is insufficient to allege a claim for punitive damages. (ECF No. 5, ¶27).

"For an award of punitive damages in a negligence action, 'plaintiff must show (1) defendant knew or should have known, based on the surrounding circumstances that its conduct created a high degree of probability of injury, and (2) defendant showed complete indifference to, or conscious or reckless disregard for, the safety of others.'" *Harris v. Decker Truck Line, Inc.*, No. 4:12 CV 1598 DDN, 2013 WL 1769095, at *3 (E.D. Mo. Apr. 24, 2013) (quoting *Litchfield By & Through Litchfield v. May Dep't Stores Co.*, 845 S.W.2d 596, 599 (Mo. Ct. App. 1992)). At this early stage of the litigation, the Court holds that Pugh's allegation that Defendants' negligent actions "showed complete indifference to, or conscious disregard for, the safety of others warranting exemplary and punitive damages" (Petition, ¶9) was sufficient to allege a claim of punitive damages. The Court denies the motion to dismiss on this basis.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Junqing and Ying Lan Trucking Express's Motion to Dismiss (ECF No. 5) is **DENIED**.

Dated this 12th day of April, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**