# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIFFANY PUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-1881 RLW |
| | ) |
| FANG JUNQING and | ) |
| YING LAN TRUCKING EXPRESS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's First Motion to Compel (ECF No. 16). Plaintiff claims that Defendants have lodged meritless and obstructive objections. This motion is fully briefed and ready for disposition.

This case arises from an accident that occurred on November 12, 2015 when Plaintiff Tiffany Pugh was rear-ended by a Ying Lan Trucking Express ("Ying Lan") tractor trailer operated by Defendant Fang Junqing.

### A. Plaintiff's Interrogatory No. 22 to Defendant Fang

Plaintiff's interrogatory number 22 asks defendant Junqing to identify "all complaints, investigations, discipline, legal actions, tickets, arrests, and/or government proceedings regarding your motor vehicle driving." Defendant objects on the basis that the interrogatory seeks irrelevant information. Defendant notes that this interrogatory seeks the entirety of Defendant Junqing's driving record, without limitation, including parking tickets and incidents that occurred after the collision on November 12, 2015. Defendant argues that such incidents are irrelevant to this action. Defendant further claims that he fully answered interrogatory number 22. Finally, Defendant claims that Plaintiff failed to notify counsel for Defendant that there was

any continued dispute as to interrogatory number 22 after the June 20, 2017 discovery conference.

The Court holds that Defendant Fang's driving record, including all complaints, investigations, discipline, legal actions, tickets, arrests, and/or government proceedings regarding his motor vehicle driving, prior to the incident are relevant to this action. Although Defendant relies on *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1332 (8th Cir. 1985), that case only stands for the proposition that evidence of other truck wheel accidents was not discoverable. The Court holds that Defendant Fang's driving record prior to the accident is relevant to Plaintiff's claims for negligent hiring and negligence and grants Plaintiff's motion with respect to those items. The Court, however, holds that Defendant Fang's driving record after the accident is not discoverable and irrelevant.

### B. Plaintiff's Interrogatory No. 6 to Defendant Ying Lan

Plaintiff's interrogatory number 6 asks defendant Ying Lan to "state whether Defendant Fang was this Defendant's employee, agent, and/or servant at the time and place of the occurrence described in Plaintiff's Petition and whether his conduct at the time of the subject wreck was in furtherance of Defendant's business and/or incidental thereto." Defendant objected on the grounds that the interrogatory required it to form an opinion concerning a matter not within its expertise. (ECF No. 17 at 5 (citing *Woods v. City of St. Louis Police Dep't*, No. 4:07CV931 SNLJ, 2009 WL 1650093, at *3 (E.D. Mo. June 12, 2009)). Defendant answered that defendant Junqing was hauling a load of freight for Ying Lan at the time of the incident. Defendant claims that it cannot answer an interrogatory that asks it to form a legal conclusion which would have implications for vicarious liability. Defendant again notes that Plaintiff failed

to notify counsel for Defendant that there was any continued dispute as to interrogatory number 6 after the June 20, 2017 discovery conference

The Court agrees that Defendant Ying Lan cannot provide a legal conclusion regarding Defendant Fang's employment status. The Court denies Plaintiff's Motion to Compel as to interrogatory number 6 to Defendant Ying Lan. Defendant Ying Lan shall, however, provide employment documents that can assist the parties and the Court in determining Defendant Fang's employment status at the time of the incident.

### C. Plaintiff's Request for Production No. 18 to Defendant Ying Lan

Plaintiff's request for production number 18 seeks Defendant's policies, procedures, rules, and manuals regarding: (a) motor vehicle operation by employees; (b) driver training, education and testing; (c) driver requirements for sleep, rest and time off; (d) employee/driver work log and/or record-keeping requirements; (e) vehicle inspection, maintenance, service, and repair; (f) use of cell phone, radio and other audio communication by employee/drivers; and, (g) employee/driver hiring, retention and firing. Defendant objects that this request is overbroad and that evidence of subsequent remedial measures are irrelevant and inadmissible to show prior negligence. Subject to these objections, Defendant produced the policies that were included in Defendant Junqing's personnel file. During the parties' discovery conference on June 20, 2017, Plaintiff agreed to limit request number 18 to those records applicable on the date of the incident and thereafter. Defendant supplemented its response with additional policies, but maintained its objection regarding subsequent remedial measures.

The Court holds that Defendant's production of the policies and procedures in place at the time of the incident is sufficient. *See Huggins v. Fed. Express Corp.*, 250 F.R.D. 404, 407 (E.D. Mo. 2008) (allowing production of "Any documents evidencing any procedures or criteria

for [FedEx]'s hiring of drivers that were in effect at the time of the [i]ncident or during the time Defendant's driver was employed."). Plaintiff has not identified any reason for needing policies and procedures that were in place long before or subsequent to the incident. Because it appears that Defendant has already produced these policies and procedures, the Court denies the Motion to Compel additional documents responsive to request for production number 18.

**D.     Plaintiff's Request for Production No. 27 to Defendant Fang**

In request number 27, Plaintiff requests defendant Junqing produce "[a]ll social media (including, but not limited to, Facebook, Twitter, LinkedIn, Google+, Tumblr, and YouTube), social networking, blog, and/or internet postings, photographs, uploads, messages, updates, events, and/or entries by Defendant in the 12-hour period immediately before and after the subject wreck." Defendant objects on the basis that the request seeks irrelevant information and the burden to produce such documents outweighs the benefit to Plaintiff. Defendant claims that this request is not narrowly tailored and that the burden of production is significant. (ECF No. 17 at 7).

The Court will grant the Motion to Compel, in part. The parties should limit this request to "all social media content which has any relevance to this case." *Michael Brown, Sr. v. City of Ferguson*, No. 4:15CV00831 ERW, 2017 WL 386544, at *2 (E.D. Mo. Jan. 27, 2017).

**E.     Plaintiff's Request for Production No. 30 to Defendant Fang**

Plaintiff's Request number 30 directs defendant Junqing to produce "All records, reports, and documents regarding motor vehicle wrecks, traffic tickets, and/or convictions of Defendant, including but not limited to, police reports, citations, legal filings, investigations, employer reports and records, and all documents regarding testing and/or training attended by Defendant as a result." Defendant objects on the ground that the request seeks irrelevant information and is

overly burdensome and overbroad. Subject to those objections, Defendant produced the accident and police report for the incident. The parties agreed to limit request number 30 by substituting "moving violations" for "traffic tickets," substituting "felony convictions" for "convictions", and limiting the request to 10 years in scope. Defendant supplemented its response while maintaining its objections.

The Court grants, in part, Plaintiff's Motion to Compel request for production number 30 to Defendant Fang and holds that Defendant shall produce all records, reports, and documents regarding motor vehicle wrecks, moving violations, and/or felony convictions of Defendant, including but not limited to, police reports, citations, legal filings, investigations, employer reports and records, and all documents regarding testing and/or training attended by Defendant as a result for the last 10 years, prior to the incident. The Court holds that these documents are relevant to the hiring and retention of the defendant driver.

### F. Plaintiff's Request for Production No. 31 to Defendant Fang

In request number 31, Plaintiff asked for defendant Junqing to produce "All records, reports, tests, licenses, certifications, discipline, and/or correspondence to/from Defendant and any current, former, and/or prospective employer regarding Defendant's operation of a motor vehicle and/or the performance of his job duties in operating a motor vehicle." Defendant objects on the basis that the request seeks irrelevant information and is overly burdensome and overbroad. Subject to those objections, Defendant Junqing produced his personnel file. During the parties' discovery conference on June 20, 2017, counsel for Plaintiff agreed to limit request for production number 31 to Defendant Junqing's operation of motor vehicles only. Defendant supplemented its response, while maintaining the objections.

The Court grants, in part, request for production number 31 to Defendant Fang and holds that Defendant shall produce Defendant Junqing's personnel file and all records relating to Defendant Junqing's performance of his job duties in operating a motor vehicle prior to the incident.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's First Motion to Compel (ECF No. 16) is GRANTED, in part, and DENIED, in part, as outlined above. Defendants shall supplement their discovery responses no later than **October 16, 2017**.

Dated this 4th day of October, 2017.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE