UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIFFANY PUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-CV-1881 RLW |
| | ) |
| FANG JUNQING and | ) |
| YING LAN TRUCKING EXPRESS, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Pending in this case is the motion of Dr. Matthew F. Gornet to quash three of the four requests in a subpoena duces tecum. These requests are for (1) "[r]ecords reflecting the number of [his] patients involved in litigation and represented by counsel at the time of treatment"; (2) "[r]ecords reflecting the number of [his] patients involved in litigation and represented by Brown & Crouppen, P.C. counsel at the time of treatment"; and (3) "[r]ecords reflecting the number of [his] patients involved in litigation and represented by Bader & Murov, LLC at the time of treatment." (Pl. Mem. Att. 1, ECF No. 54-1.) Dr. Gornet argues the requests are unduly burdensome and, insofar as the only relevance is a possible bias in favor of Plaintiff, Defendants' objective is satisfied by his disclosure of the amount of his gross income he derives from lawyers. Defendants disagree on both counts.

### **Standard of Review**

Federal Rule of Civil Procedure 45(d)(1) requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(3)(iv) requires a court, on timely

motion, to quash or modify a subpoena that subjects a person to such a burden. "A party seeking to quash a subpoena bears the burden to demonstrate that compliance would be unreasonable or oppressive." *Memhardt v. Nationstar Mortg., LLC*, 2018 WL 705052, *2 (E.D. Mo. Feb. 5, 2018) (interim quotations omitted). "'[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.'" *Par Pharms., Inc. v. Express Scripts Specialty Distribut. Servs., Inc.*, 2018 WL 264840, *2 (E.D. Mo. Jan.2, 2018) (quoting *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999)) (alteration in original). "Where, as here, discovery is sought from a non-party, courts have wide latitude in deciding motions regarding non-party subpoenas, and courts are directed to give special consideration in assessing whether the subpoena subjects a non-party to annoyance or an undue burden or expense." *Id.* (interim quotations omitted). Other considerations include the balance between "the potential value of the information to the party seeking it against the cost, effort, and expense to be incurred by the person or party producing it." *Taber v. Ford Motor Co.*, 2017 WL 3202736, *2 (W.D. Mo. July 27, 2017) (interim quotations omitted).

## Discussion

Dr. Gornet argues that the three requests are unduly burdensome because he does not maintain a central file to indicate whether a patient was represented by counsel at the time of treatment. Consequently, he would have to engage in a case-by-case review of tens of thousands of files. Defendants counter that Dr. Gornet need only compile a list of the lawyers or law firms that requested medical records from him and that such information is included on "many intake forms." (Defs. Mem. at 4, ECF No. 34.) Additionally, "most medical providers channel requests for medical records from attorneys to an outside or central records service." (*Id.*)

2

One of the attachments to Defendants' memorandum is the "Medical Information" form completed by Plaintiff on her initial visit to Dr. Gornet. In contrast to Defendants' description of "many intake forms," this form does *not* include any information about her lawyers, nor is there any place on the form for such information. Moreover, what "most medical providers" do in response to attorneys' requests does not establish what Dr. Gornet does. Defendants do not disagreed with Dr. Gornet's description of the number of patient files subject to review in response to the first three requests as being in the tens of thousands. Also, the three requests at issue are not limited by time; the fourth request – which Dr. Gornet apparently complied with – is limited to the previous four years.

Balanced against the cost and effort required by Dr. Gornet to comply with Defendants' requests is the potential value to Defendants of the information sought in trying to establish Dr. Gornet is biased in Plaintiff's favor. In support of their requests, Defendants allege that Dr. Gornet charges significantly more than is customary in the same geographic region and that he has a financial incentive to link diagnoses to injuries because such opinions will lead to more referrals and to more "direct pay" patients. Defendants have failed to show why their oral examination of Dr. Gornet would be insufficient to show any bias. Indeed, their response to the motion to dismiss includes information they cite as indicative of a bias.

Therefore, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of Dr. Matthew F. Gornet to quash the first three requests of the subpoena duces tecum is GRANTED. [ECF No. 28]

Dated this 29th day of March, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE